1  Mick Levin (021891)
   **MICK LEVIN, PLC**
2  3401 North 32nd Street
   Phoenix, AZ 85018
3  Direct Phone: (480) 865-3058
4  micklevin@mlplc.com

5  *Attorneys for Plaintiff Edward Fink*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| EDWARD FINK, | Case No.: 2:17-cv-03869-DLR |
|---|---|
| Plaintiff, | |
| v. | **RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |
| BROWN & BROWN PROGRAM INSURANCE SERVICES INCORPORATED, | |
| Defendants. | |

Plaintiff asks that the Court deny Defendant's Motion to Dismiss.

A long and established line of Arizona cases hold that an insurance agent owes a duty of care to their customer and that the nature and extent of the standard of care required of an insurance agent is a question of fact for the jury. Defendant argues that the nature and extent of the duty of care has been established by a single, recently decided, and confusing intermediate Arizona Court of Appeals decision.

Defendant's argument is misplaced. The Court of Appeals' recent decision merely affirms a trial court's verdict after a bench trial involving disputed testimony as to the nature and extent of the duty of care. This Court should decline to follow Defendant's

questionable authority and instead follow Arizona's established law that the nature and extent of an insurance agent's standard of care is a question for the jury to decide.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  FACTS**

Plaintiff's Complaint, in relevant part, states as follows:

\*\*\*

5.  Upon information and belief, at all times material hereto, Defendant Brown & Brown was an insurance agency licensed to do business in the State of Arizona.

6.  Upon information and belief, Defendant held itself out to Non-Party Charles Fritsinger and the general public as a skilled seller of insurance. In doing so, Defendant represented itself as possessing the requisite knowledge, skill, and expertise to recommend, advise, and procure appropriate insurance products.

\*\*\*

35.  Fritsinger purchased an E&O policy from Defendant Brown & Brown effective December 27, 2012 through December 27, 2013 and renewed the policy to be effective from December 27, 2013 through December 27, 2014, with American Automobile Insurance Company, policy number ME07359559.

36.  On or about October 16, 2014, Charles Fritsinger cancelled his insurance policy by notifying Mary Serafino at Brown & Brown.

37.  When Charles Fritsinger purchased his E&O coverage from Defendant Brown & Brown, the agent did not explain the need for or recommend retroactive coverage for any earlier period.

38.  When Charles Fritsinger cancelled his coverage with Defendant Brown & Brown, the agent did not explain the need for or recommend tail coverage.

39.  Defendant Brown & Brown, through its agent, negligently failed to exercise that degree of skill and learning required of a licensed

insurance agency in recommending, advising, and procuring insurance for Charles Fritsinger.

\*\*\*

43.   … Fritsinger agreed to assign his right to pursue a negligence claim on behalf of himself and against Defendant Brown & Brown to Plaintiff.

## II. LAW AND ARGUMENT

### A. The Court must follow Arizona law when determining the present Motion to Dismiss.

This Court has jurisdiction of this matter based upon diversity jurisdiction. 28 U.S.C. § 1332. Federal courts sitting in diversity jurisdiction apply state substantive law. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). In a diversity case, the district court must first look to the state's highest court to determine what the state of the law is and to apply it. *West v. American Tel & Tel Co.*, 311 US 223, 237 (1940).

Only in the absence of a decision by the state's highest court should the district court look to intermediate appellate state courts for guidance. *Insurance Co. of the State of Pennsylvania v. Associated International Insurance Co.*, 922 F.2d 520 (9th Cir. 1990). A decision by an intermediate appellate court may be disregarded if the Court "is convinced by other persuasive data that the highest court of the state would decide otherwise." *West*, 311 U.S. at 237.

### B. Duty is a question of law, but whether the duty was breached is a question of fact.

To prove an action for negligence, a plaintiff must demonstrate a duty owed from the defendant to the plaintiff. *Gipson v. Kasey,* 214 Ariz. 141 ¶ 9 (2007). Such an inquiry is normally a question of law for the Court. *Id.* at ¶ 10. "The existence of a duty is a

- 3 -

distinct issue from whether the standard of care has been met in a particular case." *Id.* While the question of whether a duty is owed is a question for the Court, "what the defendant must do, or must not do… to satisfy the duty… is an issue of fact that turns on the specifics of the individual case." *Id. at* ¶ 10 (internal quotations and citations omitted).

### 1. Defendant owed a duty to Fritsinger.

Unquestionably, Defendant owed a duty of care to Fritsinger. Plaintiff's Complaint alleges Defendant is an insurance agency and Fritsinger was Defendant's client. In determining the existence of a duty, Arizona courts look to, among other things, the relationship between the parties. *Gibson* at ¶ 18 ("Duties of care may arise from special relationships…"). The Arizona Supreme Court has long recognized a duty owed by an insurance agent to its client. *Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co.*, 140 Ariz. 383 (1984). As such, Defendant owed a duty to Fritsinger.

### 2. Whether the standard of care was breached in this case is a question of fact for the jury.

In *Darner*, the Arizona Supreme Court looked specifically at the question of "What duty does a licensed insurance agent owe to a client or customer?" *Darner* 140 Ariz. at 402. The Court favorably quoted the Supreme Court of Hawaii stating, "An insurance agent owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance." *Id.* (quoting *Quality Furniture v. Hay*, 595 P.2d 1066, 1068 (Hawaii 1979)). The Court also cited Nebraska's Supreme Court, indicating an "agent has the duty ***to advise*** his client as to the insurance he wants,

including the limits of the policy to be issued." *Id.* (quoting *Kenyon v. Larsen*, 286 N.W.2d 759, 764 (Neb. 1980)) (internal quotations omitted, emphasis added) The Arizona Supreme Court went on to state:

> An insurance agent performs a personal service for his client, ***in advising him about the kinds and extent of desired coverage*** and in choosing the appropriate insurance contract for the insured. Ordinarily, an insured will look to his insurance agent, relying, not unreasonably, on his expertise in placing his insurance problem in the agent's hands.
>
> *Darner*, 140 Ariz. At 402 (quoting *McAlvain v. General Ins. Co. of America*, 554 P.2d 955, 958 (Idaho 1976)) (emphasis added)

The Arizona Supreme Court noted, "[p]roof of the standard [of care] in this type of case may require expert testimony at trial." *Darner* 140 Ariz. at 403.

Our state's Supreme Court repeated its adherence to *Darner* in *Webb v. Gittlen*, 217 Ariz. 363, 174 P.3d 275 (Ariz. 2008). There, insured's assignee asserted that the insurance agent "did not ***advise*** [the insured] that they could also purchase liquor liability coverage." *Webb* at ¶ 2 (emphasis added). The Arizona Supreme Court stated, "insurance agents…owe [] a duty of reasonable care, skill, and diligence in dealing with clients." *Webb* at ¶ 20 (quoting *Darner*, 140 Ariz. At 397).

Even as recent as two years ago, the Arizona Supreme Court held that an insurance agent had a common-law duty of care to its customers and whether the agent's "failure breached [the agent's] common law duty of care, [is] a question[] for the trier of fact." *Wilks v. Manobianco*, 237 Ariz. 443 ¶ 11 (2015).

Looking at a similar case to the one before this Court, the Arizona Court of Appeals stated:

> We hold that an agent owes a duty to a client or customer to exercise reasonable care, skill, and diligence in procuring insurance and that questions of the applicable standard of care and ***whether the agent breached his duty by failing to recommend specific coverage present questions for the trier of fact.***

*Southwest Auto Painting and Body Repair, Inc. v. Binsfield* 183 Ariz. 444, 445 (App. 1995) (emphasis added).

Despite the long-standing caselaw established in *Darner, Webb, Wilks, and Binsfield*, Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted because the standard of care requires an insurance agent to "provide only the insurance coverage that the client ordered or requested." In support of this proposition, Defendants cite to *BNCCORP, Inc. v. HUB Int'l Ltd.*, 243 Ariz. 1(Ariz. App. 2017).

Defendant's reliance on *BNNCCORP* is misplaced. In the *BNCCORP* case, pursuant to *Darner, Webb, Wilks, and Binsfield*, the issue of whether the insurance professional breached the standard of care was tried to the finder of fact. The finder of fact considered conflicting testimony of experts as to what the standard of care required. After considering the evidence presented, the finder of fact determined that the broker did not breach the standard of care.

In affirming that there was sufficient evidence for the trier of fact to arrive at the conclusions reached, the Court of Appeals looked at whether the trial court's findings were "clearly erroneous." *BNCCORP* ¶ 35. The Court of Appeals indicated that "[w]hether the defendant's conduct breached the standard of care is usually a question for the trier of fact." *BNCCORP* at ¶ 40. The Court of Appeals ultimately found that "[t]he

- 6 -

evidence is sufficient to support the trial court's ruling that [the insurance broker] did not breach the applicable standard of care." *BNCCORP* at ¶ 64. The Court of Appeals did not, however, say that all such cases could be decided as a matter of law – quite the opposite. The *BNCCORP* Court stated that trial courts are required to "[]examine the facts and undertake that inquiry." *BNCCORP* at ¶ 43.

Essentially, Defendants in the present case are attempting to turn the finder of fact's verdict in *BNCCORP* into a legal holding dictating the standard of care for insurance professionals – despite *BNCCORP*'s express holding to the contrary.

The facts of the *BNCCORP* case are also distinguishable. The case involved a malpractice claim against an insurance ***broker*** – not a claim against an insurance agent. The duties of insurance brokers and insurance agents differ. See *Incorporated v. Certain Underwriters at Lloyd's, London*, ___ F.Supp 3d ___, 2017 WL 2556755 *14, No. CV-14-02001-PHX-NVW (D. Ariz. June 13, 2017) ("calling an insurance broker for help finding a specific kind of policy does not by itself create a contract binding the broker to meet any and all of the customer's unrequested insurance needs."); c.f. *Hague v. Bill Houston Ins. Agency*, No. 1 CA-CV 13-0613, 2015 WL 5209254 at *5 ¶ 21 (Ariz. App. Sep. 8, 2015) ("Insurance agents perform a personal service for their clients, advising them about the types and extent of coverage available; accordingly, insureds often rely, not unreasonably, on the agent's expertise when choosing an appropriate insurance contract."). Defendants improperly confuse and conflate the duties required of an agent such as in this case and in *Hague* with those of a broker such as in *BNCCORP*.

Additionally, the *BNCCORP* decision was just recently handed down by the Arizona Court of Appeals on July 11, 2017. A Petition for Review to the Arizona Supreme Court has been filed and is currently pending. See Exhibits 1 and 2. As such, the *BNCCORP* decision is still subject to review by Arizona's highest court and may well be vacated or limited.

Plaintiff has stated a claim cognizable under *Darner, Webb, Wilks, and Binsfield*. Even if this Court were to consider Defendant's argument, the Court should disregard *BNCCORP* as unreliable. The Arizona Supreme Court has repeatedly indicated that breach of the standard of care is a question of fact for a jury – not a decision to be made as a matter of law.

### III.   CONCLUSION

The Court should deny Defendant's Motion to Dismiss.

/s/ Mick Levin
Mick Levin
Mick Levin, PLC
3401 North 32nd Street
Phoenix, AZ  85018
480.865.3051

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

I hereby certify that on this 9th day of November, 2017, I mailed the foregoing via U.S. Mail to the following:

Squire, Patton, Boggs
Brian Cabianca
David Norris
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
*Attorneys for Defendant Brown & Brown*


/s/ Christy Berry
Christy Berry