WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Fink, | No. CV-17-03869-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Brown & Brown Program Insurance Services Incorporated, | |
| Defendant. | |

At issue is Defendant Brown & Brown Program Insurance Services, Inc.'s motion to dismiss, which is fully briefed. (Docs. 9, 11, 12.) For the following reasons, the motion is denied.[1]

**I. Background**

On August 21, 2013, Plaintiff Edward Fink was injured in an accident caused by non-party Cole Cantreel's negligence. (Doc. 1-1 at 8.) Cantreel was underinsured to pay Plaintiff's damages, and Plaintiff's own underinsured motorist policy also was insufficient. (*Id.*)

Before the accident, Plaintiff obtained insurance coverage from non-party James LaVerdi, an insurance salesman for non-party All Insurance, LLC, which was owned and operated by non-party Charles Fritsinger. (*Id.* at 6-8.) Plaintiff claims he requested

---

[1] Defendant's request for oral argument is denied because the issues are adequately briefed and oral argument will not aid the Court's resolution of the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

uninsured and underinsured motorist coverage equal to his liability coverage of two million dollars, but LaVerdi did not procure such coverage. (*Id.* at 7.)

On August 10, 2015, Plaintiff sued Fritsinger and other defendants for negligence. (*Id.* at 9.) He sought damages in the amount of the underinsured motorist coverage he would have had but for Fritsinger's negligence in adequately training, supervising, or instructing LaVerdi. (*Id.* at 8-9.)

Fritsinger had purchased an error and omissions ("E&O") policy from Defendant, effective December 2012 through December 2013, and renewed the policy through December 2014. (*Id.* at 9.) Defendant, however, did not recommend or address the need for retroactive coverage when Fritsinger purchased the policy, nor did Defendant recommend or address the need for tail coverage when Fritsinger cancelled his E&O policy in October 2014. (*Id.* at 10.) Fritsinger consequently did not have E&O coverage to defend against Plaintiff's claim because his policy was effective after the date Plaintiff procured his policy, and Fritsinger cancelled his E&O policy prior to the date Plaintiff filed the initial lawsuit. (*Id.* at 9.) Fritsinger therefore agreed to assign his right to pursue a professional negligence claim against Defendant to Plaintiff. (*Id.* at 10.)

Plaintiff, standing in Fritsinger's shoes, filed this professional negligence action against Defendant in Arizona state court on September 15, 2017. The complaint alleges that Defendant negligently failed to "explain the need for or recommend" retroactive or tail coverage when Fritsinger purchased and cancelled his E&O policy. (*Id.* at 10-11.) Defendant removed the action pursuant to this Court's diversity jurisdiction, and now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 1, 9.)

**II. Legal Standard**

A successful Rule 12(b)(6) motion must show that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support such a theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss only where it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the court must take "the well-pled factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**III. Discussion**

Defendant asserts that insurance brokers do not have a duty "to advise insureds about the adequacy or appropriateness of the insurance coverage they purchase, or to inform them about optional coverage that might be available." (Doc. 9 at 4 (quoting *BNCCORP, Inc. v. HUB Int'l Ltd.*, 400 P.3d 157, 166 (Ariz. Ct. App. 2017)). Instead, Defendant contends that, as a matter of law, insurance brokers need only provide the insurance coverage that the client requests. (*Id.*) Because Plaintiff's complaint at most alleges that Defendant failed to recommend additional coverage, Defendant argues that Plaintiff has not pled facts that establish Defendant breached its duty of care under Arizona law.

Defendant's argument rests entirely on the Arizona Court of Appeals' description of the applicable duty in *BNCCORP*. Plaintiff asserts that, in relying on *BNCCORP*, Defendant improperly conflates duty and breach. (Doc. 11 at 1, 5.) Specifically, in Arizona a licensed insurance agent owes his or her client a duty "to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance." *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,* 682 P.2d 388, 402 (Ariz. 1984). Plaintiff asserts that whether an insurance agent must explain the need for or recommend retroactive or tail coverage in order to satisfy this duty is a question of fact that cannot be resolved on a motion to dismiss. The Court agrees.

To establish negligence, Plaintiff must prove: (1) Defendant had a duty to conform to a certain standard of care; (2) Defendant breached that standard of care; (3) a causal

connection between Defendant's conduct and the resulting injury; and (4) actual damages. *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). "The first element, whether a duty exists, is a matter of law for the court to decide," but the other elements, including breach, are factual issues typically decided by the jury. *Id.*

"[T]he existence of a duty is not to be confused with details of the standard of conduct." *Markowitz v. Ariz. Parks Bd.*, 706 P.2d 364, 367 (Ariz. 1985). Arizona courts have acknowledged the difficulty in distinguishing these two concepts. *Coburn v. City of Tucson*, 691 P.2d 1078, 1080 (Ariz. 1984); *Sw Auto Painting & Body Repair, Inc. v. Binsfeld*, 904 P.2d 1268, 1270 (Ariz. Ct. App. 1995).

A duty exists when the relationship between the parties is "such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff." *Markowitz*, 706 P.2d at 368. Plaintiff has alleged the existence of such a relationship, and Defendant does not argue otherwise. (Doc. 9 at 4; Doc. 11 at 4.); *see Darner*, 682 P.2d at 402. The precise conduct required to comply with the applicable duty "ha[s] to do with whether the defendant breached the applicable standard of care, not whether a duty and attendant standard of care exist." *Sw Auto*, 904 P.2d at 1271. For example, in *Coburn*, the court distinguished the city's duty to keep the streets reasonably safe from the specific conduct—posting warning signs, installing traffic control devices, fixing potholes—required to comply with that duty. *Coburn*, 691 P.2d at 1080. The court reasoned that "[a]ttempting to define or evaluate conduct in terms of duty tends to rigidify the concept of negligence—a concept which, by definition, must vary from case to case, depending upon the relationship of the parties and the facts of each case." *Id.*

In *BNCCORP*, the appeals court credited the trial court's factual finding—following a bench trial—that the applicable standard of care did not require the insurance agent to "inform [insureds] about optional coverage that might be available." *BNCCORP*, 400 P.3d at 166. Contrary to Defendant's argument, the court did not hold as a matter of law that such conduct could never breach the duty applicable to the insurer-insured relationship. Instead, the court recognized "the *general* rule is that 'brokers have

no [obligation] to advise insureds about the adequacy or appropriateness of the insurance coverage they purchase, or to inform them about optional coverage that might be available.'" *Id.* (quoting 1-2 New Appleman on Insurance Law Library Edition § 2.05(5)(a)) (emphasis added). The court reiterated, however, that "[q]uestions as to the applicable standard of care are for the trier of fact" and should be "determined on a case-by-case basis." *Id.* at 165; *see Coburn*, 691 P.2d at 1080 ("[T]he duty remains constant, while the conduct necessary to fulfill it varies with the circumstances.").

It therefore is inappropriate for the Court to rule as a matter of law that the omissions Plaintiff has alleged constitute breaches of the general duty of care. Breach of duty is a quintessential fact question not appropriate for disposition on a motion to dismiss. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **DENIED**.

Dated this 11th day of April, 2018.

Douglas L. Rayes
United States District Judge